**Red NORRIS, d/b/a Norris Truck Sales, Plaintiff-Appellant,**

v.

**Jerry M. JONES, Defendant-Respondent.**

**No. 13227.**

Missouri Court of Appeals, Southern District, Division Three.

Nov. 18, 1983.

**64**

Daniel T. Moore, Poplar Bluff, for plaintiff-appellant.

Randy P. Schuller, Hackworth & Schuller Law Offices, Piedmont, for defendant-respondent.

PREWITT, Judge.

Plaintiff sued defendant for fraudulent misrepresentation. A jury trial commenced and at the close of plaintiff's evidence the trial court sustained defendant's motion for directed verdict and entered judgment in favor of defendant. At trial and here defendant contends that the plaintiff had no right to rely upon defendant's misrepresentation because he could have discovered the truth by exercising ordinary care.

Plaintiff is a truck dealer. Defendant purchased a truck from plaintiff and traded in on it a truck that he represented was a "1979 Freightliner". It was actually a 1979 Freightliner "glider kit" with a transmission and rear end housing from a wrecked 1976 Freightliner truck. Plaintiff testified that a "glider kit" consists of the cab, radiator, front axle and the frame. He said that the drive frames, back end, springs, transmission, and motor are not a part of a "glider kit" and have to be installed after you receive it.

Plaintiff testified that you cannot tell a glider kit except by the serial number on the title of the truck or on the inspection plate of the truck. There was no evidence where the inspection plate was on the truck. Defendant did not have the title at the time the transaction was made but it was sent to plaintiff later. It was then the plaintiff learned that this was not a complete 1979 Freightliner. Plaintiff said he didn't check earlier because he relied on defendant's "honesty" that the truck was a 1979 Freightliner. There was evidence that this truck was worth less than it would have been had it been a complete 1979 Freightliner.

Plaintiff's bill of sale, apparently prepared and given to defendant by plaintiff's secretary, referred to the trade-in by a serial number containing the letter "Z". When it was given to defendant is not apparent from the record. Plaintiff stated that at the time of the trade he knew that a "Z" in

a serial number meant that the vehicle was a "glider".

Defendant contends that because the serial number was on the truck and on the bill of sale that plaintiff should have learned that the truck was a "glider" and had no right to rely upon the admitted misstatements of defendant. Citing *Dill v. Poindexter Tile Company,* 451 S.W.2d 365, 372 (Mo.App.1970), defendant relies upon the general rule that when dealing at arms length, the hearer of a false representation cannot rely upon it if he could discover the truth by exercising ordinary care, particularly when the means of knowledge are available to both parties. He contends that as a matter of law plaintiff was not exercising ordinary care when he did not check the serial number on the inspection plate of the truck or on the bill of sale.

■ However, Defendant's contentions are not applicable here as plaintiff was not required to use ordinary care in relying on defendant's misrepresentation that the truck was a 1979 Freightliner. That was a positive representation of fact. Recovery based on fraud is not defeated because the plaintiff has the means of discovering fraud when there is a positive representation of fact and in such a case ordinary care of the plaintiff is not an issue. *Vinyard v. Herman,* 578 S.W.2d 938, 940–941 (Mo.App. 1979). See also *Cantrell v. Superior Loan Corporation,* 603 S.W.2d 627, 636 (Mo.App. 1980). A person may act upon a positive representation of fact, notwithstanding that means of knowledge are open to him, particularly where the facts may be assumed to be within the knowledge of the person who declares it. *Alexander v. Sagehorn,* 600 S.W.2d 198, 201 (Mo.App.1980). See also *Tietjens v. General Motors Corporation,* 418 S.W.2d 75, 81–83 (Mo.1967); *Cottrill v. Crum,* 100 Mo. 397, 13 S.W. 753, 755 (1890); *Robertson v. Smith,* 204 S.W. 413 (Mo.App.1918). MAI 23.05, note 3, verifies that the use of ordinary care by a plaintiff in a fraud case is not always an issue.

The trend in modern decisions is to require less diligence, rather than more, in the person to whom the misrepresentations

are made, and to condemn the falsehood of the person making the misrepresentation rather than the credulity of the victim. *Cantrell v. Superior Loan Corporation,* supra, 603 S.W.2d at 637.

We determine that the trial court erred in directing a verdict for defendant.

■ Defendant also contends that the result reached in the trial court was correct because plaintiff failed to state a claim upon which relief can be granted. Any deficiency in plaintiff's petition was cured by his evidence. It was sufficient to make a prima facie case and his petition was deemed amended to conform to it. Where evidence is admitted at trial without objection, on appeal we consider that the pleadings were amended to conform to the evidence. Rule 55.33(b); *Seaton v. Weir,* 633 S.W.2d 212, 214 (Mo.App.1982). This can include essential elements of fraud. See *Kreutz v. Wolff,* 560 S.W.2d 271, 277 (Mo. App.1977).

The judgment is reversed and the cause remanded for a new trial.

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.