Red NORRIS, d/b/a Norris Truck
Sales, Plaintiff-Respondent,

v.

Jerry M. JONES, Defendant-Appellant.

No. 13793.

Missouri Court of Appeals,
Southern District,
Division Three.

March 7, 1985.

Daniel T. Moore, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for plaintiff-respondent.

Randy P. Schuller, Hackworth & Schuller, Piedmont, for defendant-appellant.

GREENE, Judge.

Plaintiff, Raymond "Red" Norris, d/b/a Norris Truck Sales, sued defendant, Jerry M. Jones, for damages, alleging that Jones had fraudulently misrepresented a tractor truck he had traded to Norris as a trade-in on a new truck.

During jury trial, at the close of plaintiff's evidence, the trial court sustained defendant's motion for directed verdict on the grounds that Norris, an experienced truck dealer who had been in business for 28 years, had no right to rely on the misrepresentation, but was required to use ordinary care to determine the truth. The truck in question that Jones traded to Norris was represented by Jones to be a "1979 Freightliner" when, in truth and in fact, the unit was a 1979 Freightliner "glider kit". A glider kit is a partial unit consisting of cab,

chassis, front axle, and other parts, but is minus the drive train, which includes the engine, transmission, rear end drive unit, and suspension. Jones installed the drive train parts, including a transmission and rebuilt rear end unit from a wrecked 1976 Freightliner tractor.

On appeal, this court reversed and remanded for trial on the merits, holding that Jones' representation of the trade-in truck as a 1979 Freightliner, when he knew it was a glider kit to which he had added parts from a wrecked 1976 truck, was a positive misrepresentation of fact, and that under those circumstances, Norris had no duty to make an independent examination to determine if Jones was telling the truth. *Norris v. Jones*, 661 S.W.2d 63 (Mo.App. 1983).

On re-trial, a jury returned a verdict in favor of Norris for $2,750. The trial court overruled Jones' after trial motion for judgment notwithstanding the verdict, and entered judgment for Norris in the sum of $2,750. Jones appeals, contending 1) the evidence was insufficient to make a submissible case, and 2) instructional error.

Appeals from trial court denials of motions for judgment notwithstanding verdict are treated in the same fashion as appeals from denial of motions for directed verdicts at the close of the evidence. In both instances, the primary question is, did plaintiff make a submissible case? In seeking an answer to that question, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the prevailing party below, disregarding all evidence and inferences to the contrary. *Dockery v. Mannisi*, 636 S.W.2d 372, 376 (Mo.App.1982).

Viewed in that light, the evidence before the jury was that Norris, doing business as Norris Truck Sales, had been in the truck business for 28 years. The business was located in Fremont, Missouri. He bought, sold, and traded trucks, including those called tractors, which are used to pull trailers. Norris handled "50 to 100, 125" truck transactions a year and was familiar with truck values. In February of 1981, Norris had in stock a 1981 Eagle Brougham International tractor with a Caterpillar engine. Jones, an independent trucker who lived in Tennessee, was looking for a truck of that type and heard, through a friend, that Norris had one. Jones telephoned and told Norris that he had a "1979 Freightliner conventional" tractor he would like to trade in on the Eagle. Norris told him to bring it up, and he would look at it. Jones did so.

Jones knew, but did not tell Norris, that the Freightliner was a glider kit that he had completed, including installing a transmission and rear end housing from a wrecked 1976 Freightliner. Jones did tell Norris that he had installed a 1980 Cummins engine that was still in warranty. His explanation as to why he told Norris about the engine, and not about the transmission and rear end installations, was that he felt it was up to the buyer to ask questions about the truck. At the time of the transaction with Norris, the transmission and rear end housing on the Freightliner unit had been subjected to approximately 450,000 miles of wear, with the mileage on the engine being considerably less. The only way a person who was not privy to the conversions made by Jones to the unit could tell that it was a glider kit would be to see the serial number which, in the case of a glider kit contains a "Z", or else be told by someone with knowledge that it was a glider kit unit.

After hearing the representations made by Jones, Norris inspected the truck, but did not look at the serial number. Norris, according to the bill of sale in evidence, priced the Eagle Brougham at $79,667.10 less a trade-in allowance of $51,677.10 for the Freightliner, showing a balance due of $28,000. Jones accepted the offer. A bill of sale was prepared by Karen Nall, the secretary for Norris, who obtained a serial number, VIN CB11OZP171115, from the Freightliner, put that number on the bill of sale, as well as the serial number of the Eagle, made a copy of the bill of sale to retain for business records, and gave the original to Jones. Norris did not look at the bill of sale at that time. Jones left with

the new Eagle tractor, and the balance due on the Eagle was later paid.

The title to the Freightliner trade-in was then mailed to Norris. When Norris received the title, he examined it, could tell by the "Z" in the serial number that he had received a glider kit, and called Jones, who confirmed it. There was evidence that a 1979 Freightliner glider kit, with the engine, transmission, rear end and suspension installed later, was worth $10,000 less than a 1979 Freightliner where those parts had been factory installed when the unit was assembled. The reason given for the price difference was that a buyer would have no way of knowing the actual miles of wear to which the installed engine or other parts on the glider kit unit would have been subjected. Norris was not able to sell the truck as a factory completed unit.

■ The evidence outlined above made a submissible case of actionable fraud since, if believed by the jury as it evidently was, it constituted proof that Jones made a materially false representation to Norris, knowing it was false, and intending that Norris rely on it, that Norris was ignorant of the falsity of the misrepresentation, had a right to rely on it, and did rely on it, to his detriment and damage. *Cotner v. Blinne,* 623 S.W.2d 615, 616 (Mo.App.1981). The evidence shows facts and circumstances from which the jury could have reasonably found that the tractor truck traded by Jones was not a 1979 Freightliner factory completed truck as Jones had represented, but was a glider kit to which older used parts had been added. The more modern decisions hold that such evidence is enough to make a submissible case, as fraud may be inferred and need not be shown by positive proof, if all of the facts and circumstances reasonably support such an inference. *Cantrell v. Superior Loan Corp.,* 603 S.W.2d 627, 634–635 (Mo.App.1980). So it is here. The point is denied.

In defendant's remaining point, he contends Instruction No. 6 submitted to the jury is so misleading and confusing that its submission constituted prejudicial error. This argument borders on the specious. The instruction reads as follows:

### INSTRUCTION NO. 6

If you find in favor of the plaintiff then you must award plaintiff such sum as you believe was the difference between the actual value of the tractor truck on the date it was sold to plaintiff and what its value would have been on that date had the tractor trailer truck been as represented by defendant.

■ Defense counsel argues that since the same truck is described on one line of the instruction as a tractor truck and two lines later as a tractor trailer truck, the jury was misled and confused. In *McCory v. Knowles,* 478 S.W.2d 682 (Mo.App.1972), a motor vehicle was described in one part of an instruction as an automobile, and in another place as a station wagon. The appellate court held no prejudicial error, which is only common sense. The point is denied.

Judgment affirmed.

CROW, P.J., and TITUS and FLANIGAN, JJ., concur.