**Richard SNAPP, Respondent,**

v.

**Alfred RYDER and Mary Ann Ryder, Appellants.**

**WD 37494.**

Missouri Court of Appeals, Western District.

July 29, 1986.

Richard L. Parker, Bethany, for appellants.

Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for respondent.

Before SHANGLER, P.J., and DIXON and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendants Mary Ann and Alfred Ryder appeal from an adverse jury verdict and judgment rendered in favor of plaintiff Richard Snapp. Snapp sued in quantum meruit for payment due on custom farm work he allegedly performed in 1981 and 1982 on the Ryders' land located in Sullivan County. The Ryders counterclaimed, alleging Snapp failed to perform the 1981 work as agreed. The jury found for Snapp both on his claim and on the counterclaim. The counterclaim is not involved in this appeal.

The questions on appeal involve the prejudicial effect of evidence admitted concerning the Ryders' nonpayment of a soybean seed bill and plain error review of the trial court's allowing the jury to award interest on the judgment from the date of demand.

On appeal the evidence is viewed in the light most favorable to the prevailing party. *Hunter v. Norton,* 412 S.W.2d 163, 165 (Mo.1967). In 1981, Snapp did custom farming for the Ryders. He submitted a bill to the Ryders in January, 1982 and received payment of $15,320. Snapp did not include combining he was currently engaged in when he submitted this bill.

Later in 1982, Mary Ann Ryder authorized Snapp to do additional custom farming. In 1983, Snapp submitted another bill to the Ryders for $22,432, itemized as follows:

| | |
|---|---|
| 500 acres of 1981 corn combined | $ 9,000.00 |
| 60 acres of 1981 beans combined | 1,080.00 |
| 490 acres 1982 discing | 2,940.00 |
| 490 acres of 1982 second discing | 2,940.00 |
| 490 acres 1982 planting | 2,450.00 |
| 490 acres 1982 field cultivating | 2,940.00 |
| 184 acres 1982 cultivating | 920.00 |
| 27 acres chisel plowing | 162.00 |
| TOTAL | $22,432.00 |

The Ryders already had paid $15,000 toward satisfaction of this bill, leaving a balance owing of $7,432. Added to this amount was $4,534 for additional combining, hauling, and plowing. Thus the total

amount owed by the Ryders to Snapp was $11,966.

The cause was submitted in quantum meruit for labor and services. The jury returned a verdict in the amount of $11,-150. As provided by Instruction No. 9 the jury also awarded interest of 9% from May 3, 1983, the date of Snapp's demand. The Ryders' first complaint about the submission of prejudgment interest comes by way of their brief and comprises their second point.

■ Their first point reads as follows:

The court erred in allowing Richard Snapp to testify over objection that Alfred Ryder had failed to pay for seed soybeans planted during the year 1982 for reason that such evidence was prejudicial to defendants by implying that Defendants failed to pay their accounts and that such evidence was not of probative value as to any issue contested at trial.

Reading the record concerning Snapp's testimony about nonpayment of the soybean bill makes understanding the point even more confusing. Snapp testified S & W Farm Supply, a company of which Snapp was a partner, sprayed the Ryder land in 1982 as well as supplied soybean seed for crops in 1982. The testimony regarding the spraying must be read in conjunction with that about the soybean seed in order to fashion some sense out of defendants' point:

[BEFORE THE JURY]

Q. [by Mr. Peace—Snapp's attorney] Now, who did some spraying on the Newtown property in 1982?

A. [by Snapp] S & W Farm Supply. Which hasn't got paid yet.

MR. PARKER: Objection.

THE COURT: Sustained.

MR. PARKER: I move for a mistrial

MR. PEACE: May I approach the Bench, please.

*　*　*　*　*　*

[OUT OF THE HEARING OF THE JURY]

MR. PEACE: Mr. Parker has opened the door with respect to the inquiry as to the S & W Farm Supply. I wrote down the question he asked and, Your Honor, he has now opened the door for me to inquire into the details of that S & W Farm arrangement, as well as payment for it.

MR. PARKER: What was requested was who purchased the beans or who authorized the purchase and the answer was that Mr. Snapp did and that has nothing to do with anything else, that was the only question asked, was who bought the beans.

MR. PEACE: So now we can get into who paid for the beans.

THE COURT: I am going to let it come in.

MR. PARKER: I want the record to reflect that I do object. I think it is prejudicial error to allow any of that in and if it comes in, I think there should be a mistrial.

THE COURT: Overruled.

*　*　*　*　*　*

[BEFORE THE JURY]

Q. Mr. Parker questioned you about the soybeans for 1982, and who supplied those? Where did they come from?

A. S & W Farm Supply.

Q. Have those been paid for?

A. No. We had a case—

MR. PARKER: Objection.

THE COURT: Sustained.

MR. PARKER: I renew my motion.

[A FEW QUESTIONS LATER BEFORE THE JURY]

Q. Did you have any soybeans there that the Ryders had provided?

A. No.

Q. Had you talked to Mrs. Ryder on the telephone about it?

A. Yes.

Q. What did she say in respect to the soybeans?

A. Well, she would get ahold of Alfred and let me know and ... finally she, you know, agreed to go ahead and have me pick them up there at Harris.

Q. And have you been paid for those?

A. No; along with the spray.

MR. PARKER: Objection.

THE COURT: Sustained. Don't volunteer anything, Mr. Snapp.

From the foregoing portion of the record, this court is left with the conclusion the Ryders got all the relief requested. The objections to both lines of questions were sustained. Counsel did not ask for the answers to be stricken. Nor do the Ryders now complain about the court's overruling the request for a mistrial.

Though the court indicated, out of the jury's hearing, it would permit the evidence concerning nonpayment of the beans to be admitted, the record shows the objections to this testimony were sustained and the line of questioning was effectively terminated.

For the sake of argument, even if the objections were overruled, the testimony was not prejudicial in light of the other evidence and the theory of the case. "Evidence is considered relevant if the fact it tends to establish tends in turn to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue." *Charles F. Curry and Co. v. Hedrick*, 378 S.W.2d 522, 536 (Mo.1964). Snapp contended the Ryders authorized him to do the work. In their brief, the Ryders stated "[p]ayment was not brought into issue, and, in effect, nonpayment supported Defendant's contention that they were not responsible for payment of unauthorized work." Thus the evidence of nonpayment of the 1982 seed supplies also could have shown the Ryders did not pay supply expenses as well as labor expenses for unauthorized work.

Finally, contrary to their contention, the scope of defendants cross-examination of Snapp regarding payment of the seed was directed toward creating the inference the Ryders did not purchase the seed because the work was unauthorized. Thus, even if the the evidence of nonpayment was of weak probative value so as to render its admissability questionable, the Ryders are estopped from objecting to it. *See Biener v. St. Louis Public Service Co.*, 160 S.W.2d 780, 785 (Mo.App.1942).

■ The Ryder's second point asserts the trial court committed plain error in allowing the jury to award Snapp interest on the judgment from the date of demand because the cause was submitted as an unliquidated claim for services in quantum meruit. Instruction No. 9 provided: "If you find in favor of plaintiff, then you must award plaintiff the reasonable value of services furnished with 9% interest thereon from May 3, 1983." *See* MAI 4.04. In the instruction conference the court asked, "Instruction No. 9, any objection, gentlemen?" Mr. Parker, counsel for the Ryders, replied "No."

Rule 78.07 provides specific objections to instructions not made at trial before submission to the jury must be made in the motion for a new trial to preserve error for review. Under Rule 78.08, the court may consider plain errors affecting substantial rights at a hearing on motion for a new trial even though they are not raised in the motion. However, these rules cannot be invoked because the Ryders did not raise the objection to the instruction and the court did not consider the giving of the instruction as plain error on the motion for a new trial.

As a final resort, the Ryders seek to invoke the plain error principle of Rule 84.13(c). This rule provides an appellate court may consider, at its discretion, plain error affecting substantial rights even though not properly raised or preserved when it finds manifest injustice or miscarriage of justice has resulted.

This court finds no basis for invoking the plain error rule here. "The Rule may not be invoked to excuse mere failure to timely and properly object." *Goodman v. Firman Desloge Hospital*, 540 S.W.2d 907, 917 (Mo.App.1976). Nor may it be used as a refuge for the "maladroit or neglectful."

*Stevens v. Wetterau Foods, Inc.*, 501 S.W.2d 494, 499 (Mo.App.1973). The defendants had ample opportunity to raise the improprieties of Instruction No. 9 at the instruction conference and in their motion for new trial. Plain error relief will not be afforded.

The judgment is affirmed.

All concur.