Joseph William MARTI, Sandra K.
Marti, Plaintiffs–Appellants,

v.

ECONOMY FIRE & CASUALTY COM-
PANY, Defendant–Respondent.

No. 53020.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 29, 1988.

Rodolfo Rivera, Norman H. Anderson, Sidney Fortus, Clayton, for plaintiffs-appellants.

Kathi Lynne Chestnut, St. Louis, Joseph M. Hadican, Clayton, Donald V. Nangle, St. Louis, for defendant-respondent.

STEPHAN, Judge.

Plaintiffs, Joseph and Sandra Marti, filed this action against Iowa Kemper Insurance Company to recover damages for the total loss of their home and its contents due to fire. Plaintiffs amended their petition, naming Economy Fire & Casualty Company ("defendant") as successor in interest to Iowa Kemper. The jury found for defendant and plaintiffs appeal.

Plaintiffs owned a home at 7229 Rule, Maplewood, Missouri. They occupied this home from late December 1980 until July 5, 1982. Their homeowner's insurance was an Iowa Kemper policy, but they dealt with an independent insurance agent, Don Simms, who then went through an Iowa Kemper agent, John Dumont, to obtain the policy. When the policy came up for renewal in December 1981, plaintiffs paid $143.20 to D.H. Simms Insurance to renew it. The renewal period was to run from December 4, 1981 until December 4, 1982.

On July 5, 1982, the plaintiffs' home was destroyed by fire. Prior to the fire, plaintiffs had acquired another insurance policy on their home with the Farmer's Insurance Group, which had become effective on May 10, 1982. The Iowa Kemper policy provided coverage of $32,500 on plaintiffs' home and $16,250 for unscheduled personal property. The Farmer's policy provided coverage of $53,500 on plaintiffs' home, $5,350 for appurtenant structures, $29,250 for personal property and $10,600 for additional living expense.

Plaintiffs made a claim on the Farmer's policy. Farmer's paid the full amount of the policy, $91,628.25. Plaintiffs filed suit against Iowa Kemper for the full amount of its policy. Defendant, Economy Fire & Casualty, defended at trial on the ground that the Iowa Kemper policy had been cancelled prior to the fire.

The cause was submitted to a jury which returned a verdict for defendant. Plaintiffs filed a motion for judgment notwithstanding the verdict and/or motion for new trial. The trial court heard arguments and overruled the post-trial motion.

In their first point, plaintiffs assert that the trial court erred when it overruled their motions for directed verdict and for judgment notwithstanding the verdict. Plaintiffs maintain that they pleaded and proved their losses under defendant's insurance policy, which was in effect at the time of the fire.

A directed verdict is a drastic action and should be granted only when reasonable men would not differ on the correct disposition of the case. *Jarrell v. Fort Worth Steel & Manufacturing Co.,* 666 S.W.2d 828, 833 (Mo.App.1984). The same is true for a judgment notwithstanding the verdict. *Norris v. Jones,* 687 S.W.2d 280, 281 (Mo.App.1985). We will, therefore, view the evidence, and all reasonable inferences therefrom, in the light most favor-

able to the prevailing party below, disregarding all evidence and inferences to the contrary. *Id.*

Plaintiffs assert they incontrovertibly proved that they purchased and renewed their Iowa Kemper Policy, that the date of the fire was within the renewal term and that defendant failed to plead and prove a viable legal defense. Assuming, without deciding, that plaintiffs did make a prima facie case, they are wrong when they state defendant failed to plead and prove a viable defense.

Defendant specifically denied that the Iowa Kemper Policy "was in full force and effect on July 5, 1982," in addition, it was stated, as an affirmative defense, that the "policy had been cancelled prior to the day of the fire, at plaintiffs' request."

At trial, plaintiffs admitted their dissatisfaction with the service of their insurance agent, Simms. There was testimony to the effect that plaintiffs expressed, both orally and in writing, their intention to cancel the Iowa Kemper Policy. Mrs. Marti wrote a letter, dated April 28, 1982, to Simms stating that she intended to cancel the policy after some claims she had pending with the insurer were resolved but not specifying any date for the cancellation. Simms then instructed Dumont to cancel plaintiffs' insurance policy. Iowa Kemper received a written memo from Dumont requesting cancellation for non-payment of premium. Iowa Kemper sent a notice of cancellation to plaintiffs on June 23, 1982, informing them that the insurance policy was cancelled effective July 5, 1982 at 12:01 a.m. Plaintiffs testified that they never received the notice; however, a representative of Pioneer Bank and Trust Company, which held the mortgage on 7229 Rule, did receive the notice. Simms testified that, after receiving the letter, he contacted Mrs. Marti by telephone and she told him to cancel the insurance policy.

■ On appeal, this court does not weigh the evidence, determine the credibility of witnesses or resolve facts; we only determine if there is sufficient evidence to support the verdict. *Marshall v. Edlin,* 690 S.W.2d 477, 479 (Mo.App.1985). Defendant did present sufficient evidence to present the case to jury, therefore, under such circumstances, a directed verdict is improper.

Plaintiffs also argue that the cancellation was deficient because it was not in strict compliance with the policy provision on cancellation. We first note that this issue was not preserved for appellate review. Plaintiffs did not raise this point at the trial level, in their motion for directed verdict or in their motion for judgment notwithstanding the verdict and/or motion for new trial. *See, Niederkorn v. Niederkorn,* 616 S.W. 2d 529, 535 (Mo.App.1981).[1] In our discretion, however, we will review the point for plain error. Rule 84.13(c).

■ We find no error, plain or otherwise. The letter along with the telephone conversations and, finally, the oral order to cancel, were sufficient to comply with the cancellation provision. *See Schroeder v. Horack,* 592 S.W.2d 742 (Mo. banc 1979).

The cancellation provision in the Iowa Kemper policy read as follows:

5. Cancellation

    a. You may cancel this policy at any time by returning it to us or by notifying us in writing of the date cancellation is to take effect.

In *Schroeder,* the insured directed his agent to cancel the insurance policy. The agent prepared and transmitted a written cancellation notice to the company. The notice specified the date on which cancellation was to take effect. Our Supreme Court ruled, under these facts, that there was written cancellation by the named insured in compliance with the policy because, "Cancellation by the insured is not an act so personal in its nature that it cannot be delegated." *Schroeder,* 592 S.W.2d at 744.

---

1. Plaintiffs would have us believe the assertions in their post-trial motions that defendant's affirmative defenses were contrary to the evidence were enough to preserve the point. These assertions are hardly specific and did not apprise anyone that plaintiffs' objection was strict compliance with policy provisions.

As in *Schroeder,* no special cancellation form was required. Plaintiffs requested Simms, their agent, cancel the policy for them. After plaintiffs requested cancellation, Simms contacted Dumont and told him to cancel the policy. Dumont sent a written memo to Iowa Kemper requesting cancellation of plaintiffs' policy for non-payment of premium.[2]

We find there was compliance with the terms of the policy. If there was a mistake of form, it was not enough to constitute manifest injustice. Point I is, therefore, denied.

Plaintiffs' second, third and fourth points are all based on Instruction No. 7, which reads as follows:

> Your verdict must be for defendant if you belive (sic), either:
>
> First,
>
> Plaintiffs cancelled their insurance policy by requesting cancellation, or
>
> Plaintiffs' agent Simms cancelled plaintiffs' insurance policy by requesting cancellation, or
>
> Defendant cancelled plaintiffs' insurance policy by placing in the United States mail a notice of cancellation cancelling the insurance policy effective 12:01 a.m. on July 5, 1982.

Plaintiffs' objections to the instruction are: 1) none of the paragraphs is supported by substantial evidence; 2) by not stating a reason for the notice in unnumbered paragraph three, the instruction was made confusing, vague, misdirecting and constituted a roving commission to the jury; and 3) the instruction was given erroneously because defendant was legally precluded from using the affirmative defense of cancellation.

Rule 78.07 states, "Any specific objections to instructions which were not made at the trial before submission to the jury, must be set forth in the motion for new trial to preserve the error for review." Plaintiffs made one specific objection to Instruction No. 7 at trial; that is, defendant was legally precluded from using the

defense of cancellation. In their motion for new trial, plaintiffs raised: lack of evidentiary support for the third paragraph, but not the first two. We will, therefore, consider plaintiffs' allegations, with the exception of the contentions that the first two paragraphs lacked evidentiary support. These points were not preserved for appeal. *See Snapp v. Ryder,* 713 S.W.2d 630, 632 (Mo.App.1986).

■ Instructional error is not necessarily an automatic ground for reversal. *Johnston v. Allis–Chalmers Corporation,* 736 S.W.2d 544, 547 (Mo.App.1987). It will mandate reversal only when substantial prejudice is indicated. *Id.* We review the instruction in a light most favorable to the party offering the instruction and in support of the verdict. *Grippe v. Momtazee,* 705 S.W.2d 551, 554 (Mo.App.1986).

■ We find that paragraph three was not supported by substantial evidence. The evidence presented to the jury allowed them to decide that Iowa Kemper sent the notice of cancellation for non-payment of premium. There was no evidence presented that indicated plaintiffs failed to pay the premium. In fact, both plaintiffs and defendant presented testimony that the premium had been paid. It follows that the evidence presented constituted proof that the insurance premium had been paid. Paragraph three of the instruction was, therefore, unsupported by the evidence.

This is true even though the instruction did not use the words "non-payment of premium" in paragraph three. Plaintiffs referred to the cancellation notice repeatedly. They argued the notice was sent for non-payment of premium when they, plaintiffs, had in fact paid the premium. The jury was, therefore, advised that the notice contained the words "non-payment of premium" because plaintiffs told them so. The fact that the notice contained the words "non-payment of premium" was also

2. The problem of dual oral orders to cancel may have been a factor in explaining why the policy was cancelled for non-payment of premium. This problem could have been avoided if Simms had sent written cancellation to Dumont stating with specificity the reason for cancellation and the effective date.

presented to the jury during plaintiffs' and defendant's closing arguments.

Juries are credited with having common sense and an average understanding of language. *Clark v. Skaggs Companies, Inc.,* 724 S.W.2d 545, 554 (Mo.App.1986). We give credit to this jury for knowing that the notice contained the words "non-payment of premium" after plaintiffs told them it did. Since each element of an instruction submitted in the disjunctive must be supported by substantial evidence, the lack of such support for the third paragraph of Instruction 7 renders it erroneous and the judgment must be reversed. *Saupe v. Kertz,* 523 S.W.2d 826, 830 (Mo. banc 1975).

Plaintiffs next assert defendant was legally precluded from using the affirmative defense of cancellation. We reviewed both, cancellation for non-payment of premium and cancellation at plaintiffs' request, and decide defendant was not precluded from using cancellation as a defense.

Plaintiffs assert cancellation for non-payment of premium was precluded because defendant did not plead and prove it. We agree that defendant did not prove non-payment, although we find that the issue was tried by consent pursuant to Rule 55.-33(b). As noted previously, plaintiffs brought up the issue of non-payment of premium whenever possible; defendant merely responded to assertions.

Plaintiffs further claim that defendant is precluded from using the affirmative defense of cancellation at plaintiffs' request because defendant did not originally deny plaintiffs' claim on this ground. Plaintiffs point to the general rule that if an insurer denies liability on a particular ground it may not thereafter advance a different ground for denying liability, if the original denial was made with full knowledge of the facts. *Farm Bureau Town and Country Insurance Company of Missouri v. Crain,* 731 S.W.2d 866, 875 (Mo.App.1987).

■ Defendant's cancellation notice citing non-payment of premium was not a denial of liability because, at the time it was sent, there was no claim pending. The notice was mailed June 23, 1982, approximately ten days before the fire. By cancel-ling, and stating a reason therefor on the notice of cancellation, defendant was not waiving all other defenses available. Defendant merely acted on the instructions of its agent, Dumont, and cancelled plaintiffs' policy *prior to the fire.* The point is, therefore, denied.

Lastly, plaintiffs argue that the Missouri valued policy statutes should apply. §§ 379.140, 379.145 and 379.160, RSMo 1979. If these statutes do apply, and, on remand, judgment is in plaintiffs' favor, plaintiffs are entitled to recover the full face value of the insurance policy, less depreciation in the value of the insured items. *Stahlberg v. Travelers Indemnity Company,* 568 S.W.2d 79, 83 (Mo.App. 1978). They may also receive the policy limits of this policy even though they were paid the limits of another policy. § 379.145, RSMo 1979. The valued policy statutes apply to personal as well as real property. *Duckworth v. United States Fidelity and Guaranty Company,* 452 S.W. 2d 280, 282 (Mo.App.1970); § 379.160, RSMo 1979.

The valued policy statutes were enacted in order to place the burden and responsibility of evaluating the insured's interest and property on the insurer. *DeWitt v. American Family Insurance Company,* 667 S.W.2d 700, 707–708 (Mo. banc 1984). Under these statutes, the insurer is estopped from denying that the value of the insured property, at the time the policy was written, was equal to the policy amount. *Wells v. Missouri Property Insurance Placement Facility,* 653 S.W.2d 207, 210 (Mo. banc 1983). The insurer bears the burden of proving depreciation. Absent such proof, the amount of the policy conclusively establishes the value of the property insured. *Id.*

■ Defendant argues that it was only liable for a pro rata share of the loss because of the following clause in the policy:

> 7. Other insurance. If a loss covered by this policy is also covered by other insurance, we will pay only the portion of the loss that the limits of liability that applies under the policy bears to

the total amount of insurance covering the loss.

We find this argument to be without merit. When parties enter into a contract upon a subject which is highly regulated, it is presumed that they entered into the contract with reference to the statutes and that the statutes are part of the contract. *Stahlberg*, 568 S.W.2d at 85. Therefore, any exclusionary provision which attempts to limit the insurer's liability to less than the face value of the policy in a case of total loss is contrary to the valued policy statute and void. *Id.;* § 379.145.3, RSMo 1979.

Because of the instructional error discussed above, the cause is reversed and remanded for a new trial.

SMITH, P.J., concurs.

SATZ, J., concurs in result.