**UNION ELECTRIC COMPANY, a corporation, Appellant,**

**v.**

**Henry BROWN d/b/a Brown Brothers Wrecking, Respondent.**

**No. 55308.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 22, 1989.

**410** ■

Randall Eliot Gusdorf, Clayton, for appellant.

Joseph A. Felon, Jr., Clayton, for respondent.

CRIST, Judge.

Union Electric (UE) appeals from a jury verdict in favor of defendant/respondent Henry Brown (excavator) in a negligence action brought by UE for damages to an underground electric cable. We affirm.

UE brought this action against excavator for damaging an underground electric cable which ran in an easement under a sidewalk adjacent to a house excavator was hired to demolish. UE alleged excavator failed to give notice to UE of the excavation and to obtain from UE a location of any underground facilities within the easement running through the property before excavating within the easement, as required by § 319.025, RSMo 1986 (part of the "Underground Facility Safety and Damage Prevention Act." §§ 319.010–319.-050, RSMo 1986, hereinafter known as the "Act"), and that the cable was damaged as a result of excavator's negligence.

UE asserts the trial court erred in submitting to the jury excavator's converse of UE's verdict director. UE submitted the following verdict director to the jury:

Your verdict must be for Plaintiff Union Electric Company if you believe:

First, Missouri had in effect an 'Underground Facility Safety and Damage Pre-

vention Act' that required Defendant Henry Brown doing business as Brown Brothers Wrecking Company to first give notice to and obtain information from Plaintiff Union Electric Company of the location of its underground facilities before beginning excavation, and

Second, Defendant Henry Brown doing business as Brown Brothers Wrecking Company began excavation in an easement without first giving notice under the Act and obtaining information from Plaintiff Union Electric Company of the location of its underground facilities, and

Third, Defendant Henry Brown doing business as Brown Brothers Wrecking Company struck an electrical cable, and

Fourth, as a direct result of such conduct, Plaintiff Union Electric Company sustained damages.

Excavator submitted the following converse:

Your verdict must be for Defendant Henry Brown on Plaintiff Union Electric Company's claim unless you believe all of the following:

First, Plaintiff was not notified of the demolition work prior to the commencement of such work; and

Second, defendant excavated in or upon the easement; and

Third, defendant was negligent; and

Fourth, plaintiff was damaged.

UE first contends excavator's converse instruction was erroneous because it conversed negligence. UE did not instruct on negligence, and it contends negligence was not an element of its case.

Section 319.040 creates a rebuttable presumption of negligence on the part of any person who damages an underground facility (as defined under § 319.015(3)) "by reason of his failure to comply with the provisions of sections 319.010 through 319.-050[.]" UE's cable was such an underground facility. UE argues its instruction was proper under a theory of negligence per se. However, we find UE's assertion erroneous.

■ UE was not entitled to bring suit under negligence per se, but was favored

by a rebuttable presumption of excavator's negligence upon proof of excavator's failure to comply with the provisions of the "Act." § 319.040, RSMo 1986. UE produced evidence it was not properly notified by excavator of the demolition, excavator had failed to request a location of underground facilities on the property, and that excavator had excavated within UE's easement containing the electrical cable. UE's production of this evidence supported the basic facts establishing the presumption. This cast upon excavator the burden of producing substantial evidence to controvert the presumed fact, his negligence. *Mercantile Bank and Trust Co. v. Vilkins*, 712 S.W.2d 1, 3[1] (Mo.App.1986). However, "[u]pon introduction of such substantial evidence, the existence or nonexistence of the fact once presumed is to be determined from the evidence as if no presumption had ever been operative in the case." *Id.*, quoting *JD v. MD*, 453 S.W.2d 661, 663 [4, 5] (Mo.App.1970).

■ Excavator presented sufficient evidence to create a question of fact for the jury when he introduced evidence controverting the basic facts leading to the presumption: that he gave timely notice to UE; and that he did not excavate within the easement. Further, excavator adduced sufficient evidence to rebut the presumed fact of negligence. Evidence was adduced that excavator was not to remove the sidewalk adjacent to the house; however, upon removal of the floor of the building, the sidewalk and the cement conduit containing the cable tore out along with the foundation and floor of the house because the conduit was bonded to the foundation. Excavator's production of evidence rebutting negligence caused the presumption of negligence to disappear. *United Missouri Bank of Kansas City v. March*, 650 S.W.2d 678, 680–681[2] (Mo.App.1983). UE pled liability under a theory of negligence. The presence of a presumption did not shift the burden of persuasion from UE. Once the presumption was rebutted, UE bore the burden to prove negligence because it was an essential element of its case. *See Piva v. General American Life Ins. Co.*, 647 S.W.2d 866, 870[6] (Mo.App.1983).

■ As an essential element of UE's case, negligence should have been included in its verdict director. *Crewse v. Shelter Mutual Insurance Company*, 706 S.W.2d 35, 40[5] (Mo.App.1985). Excavator was entitled to converse negligence because it was an essential element of UE's cause of action, and we cannot find error where the difference between the instructions was due to UE's own failure to correctly instruct as to all the essential elements of its case. *Mead v. Corbin Equipment, Inc.*, 586 S.W.2d 388, 392[2] (Mo.App.1979).

■ UE further asserts paragraph one (1) of excavator's converse was erroneous because it would allow a verdict for excavator on a finding of any type of notice, whether made as required by statute or not. Assuming paragraph one (1) of excavator's converse was erroneous, this error was invited by UE's verdict director. UE, in paragraph two (2) of its verdict director, attempted to instruct the jury on whether excavator gave notice "under the Act"; however, UE did not specify in what manner statutory notice had to be made. In its verdict director UE invited error, and any error complained of by UE in excavator's converse was blameless. *Executive Jet Management, Etc. v. Scott*, 629 S.W.2d 598, 606[3] (Mo.App.1981).

UE further asserts error in instruction number five (5), the definitional instruction for negligence. UE asserts this instruction was error because it included not only a definition of negligence as applied to excavator, but also a definition of negligence as applied to UE. UE claims this is prejudicial because the definitional instruction implies UE was negligent, although its negligence was not at issue. The fallacy of UE's contention is evident since its negligence had to be an issue as hereinabove set out. UE cannot avoid the negligence issue by omitting it from its verdict director.

■ UE finally asserts it proved its case as a matter of law, thus it was entitled to either a directed verdict or to have its motion for judgment notwithstanding the verdict sustained, or in the alternative, to have been granted a new trial. As stated

above, excavator presented sufficient evidence to create a jury question as to the issues of notice, excavation within the easement, and negligence. Viewing this evidence and all reasonable inferences which arise from it in a light most favorable to excavator, and disregarding all contrary evidence and inferences, we believe excavator presented sufficient evidence so that reasonable men could differ on the correct disposition of the case. *Marti v. Economy Fire & Casualty Co.*, 761 S.W.2d 254, 255–256 [1, 2] (Mo.App.1988).

A caveat may be in order. Excavator's converse instruction should have been in different form. Its use in this case is permitted by reason of UE's failure to properly submit its negligence case to the jury.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.