**J. Hobart STEWART, Plaintiff–Respondent,**

v.

**Jake R. KIRKLAND, Defendant–Appellant.**

No. 20674.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 26, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1996.

**322**

Stuart H. King, William H. McDonald and Associates, P.C., Springfield, for defendant–appellant.

Thomas W. Millington, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff–respondent.

PREWITT, Judge.

Plaintiff sought damages against the Defendant based upon fraud. A jury returned a verdict in favor of Plaintiff for $78,700.00. Judgment was entered in accordance with the verdict. Defendant appeals, presenting two points relied on.[1]

Defendant contends there was error in submitting two instructions and in denying Defendant's motion for judgment notwithstanding the verdict because a submissible case was not made. As the instructions complained of were not set forth in the argument portion of Defendant–Appellant's brief, as required by Rule 84.04(e), the alleged instruction error was not preserved for appellate review. *Twin Bridges Const. Co., Inc. v. Ferner,* 700 S.W.2d 534, 537 (Mo.App.1985); *Sewell. v. MFA Mut. Ins. Co.,* 597 S.W.2d 284, 290 (Mo.App.1980). We proceed then to whether a submissible case of fraud was made.

In reviewing whether the trial court erred in failing to enter judgment for the Defendant notwithstanding the verdict, this Court views the evidence in the light most favorable to the verdict, and disregards all inferences to the contrary. *Norris v. Jones,* 687 S.W.2d 280, 281 (Mo.App.1985). *See also Wion v. Carl I. Brown & Co.,* 808 S.W.2d 950, 952 (Mo.App.1991). A motion for judgment notwithstanding the verdict should be granted if an essential element in the cause of action is not supported by substantial evidence. *Scott v. Car City Motor Co., Inc.,* 847 S.W.2d 861, 864 (Mo.App.1992).

Fraud may be established by circumstantial evidence. *Wion,* 808 S.W.2d at 954. However, "the evidence to support an inference of fraud must arise above mere suspicion and point logically and convincingly to that conclusion." *Grosser v. Kandel–Iken Builders, Inc.,* 647 S.W.2d 911, 914 (Mo.App. 1983). "All doubt should be entertained in

1. The parties in their briefs have listed Appellant first, rather than keeping the order of the parties as they were in the trial court. This designation is contrary to Rule 81.03, providing "the title of the action shall not be changed in consequence of the appeal."

favor of good faith in determining whether a statement constitutes a misrepresentation." *Id.*

▉ Fraud is never presumed, but must be proven. *Scott*, 847 S.W.2d at 865. If the evidence is as consistent with honesty as with fraud, the transaction will be deemed honest. *Id.* Evidence that amounts to no more than suspicion or conjecture of fraud does not suffice to prove fraud. *Id.*

▉ A promise accompanied by a present intent not to perform is a misrepresentation sufficient to constitute fraud. *Carlund Corp. v. Crown Center Redevelopment Corp.*, 910 S.W.2d 273, 279 (Mo.App.1995). Failure to perform alone, however, is not sufficient to establish the intent of the promisor at the time the agreement was made. *Id.* The mere giving of a promise, though breached the next day, does not give rise to an action for tortious fraud. *Id.*

▉ To establish fraud, plaintiff has to prove that defendant not only breached the contract, but that Defendant intended to do so when it made the contract. *Maupin v. Hallmark Cards, Inc.*, 894 S.W.2d 688, 697 (Mo.App.1995). Plaintiff has the burden of establishing that defendant did not intend to perform as promised. *Grossoehme v. Cordell*, 904 S.W.2d 392, 396 (Mo.App.1995).

Assuming a $285,000.00 promissory note and deed of trust, Clevenger Investment Management Corporation (CIMC) purchased from Bear Park Inc. lake-front property in Taney County. At the time of the purchase of the property, Robert Francis and Plaintiff–Respondent J. Hobart Stewart were the owners of the stock of CIMC. Thereafter, Plaintiff sold his interest in CIMC to Francis and his wife in exchange for a promissory note in the amount of $78,750.00. The note was secured by a second deed of trust on the property. June and Wallace Brunson had sold the property to Bear Park, Inc., and held a first deed of trust on the property, securing a $285,000.00 promissory note.

CIMC became delinquent in the note payments to the Brunsons, and the Brunsons initiated foreclosure proceedings. A foreclosure sale was scheduled for March 18, 1988. In an attempt to forestall the foreclosure, Francis, the sole shareholder of CIMC, approached Defendant–Appellant Kirkland to arrange for a loan so that CIMC might pay the note. In order to obtain this financing and clear the other liens on the property, Francis asked Plaintiff–Respondent to release the second deed of trust.

Plaintiff was told by Francis that Defendant would loan to CIMC the funds needed to pay off the note to the Brunsons, thus preventing the foreclosure. Kirkland would then receive a first deed of trust constituting a first priority lien on the property. In exchange for him releasing the second deed of trust, Francis promised Stewart a lien on stock in CIMC so that in the event of default to Stewart, Stewart would have controlling interest in CIMC. CIMC would continue to own the real property. Relying on Francis' promise, Stewart and his wife signed the release on March 18, 1988.

Apparently after the meeting of the parties and Francis, further investigation of the property by Defendant revealed additional lien claimants to the property. Defendant then declined to loan the money to CIMC and purchased the note held by the Brunsons, taking an assignment of the note and deed of trust on March 18, 1988.

Defendant testified that as part of his agreement with Francis, Francis was to make payments to cover the interest on the note. On July 11, 1988, after not receiving such payments from Francis, Defendant caused foreclosure proceedings to be instituted. Defendant was the purchaser at the sale.[2]

▉ There was no evidence that Defendant–Appellant did not intend to carry out his promise to loan the money to the corporation when he made it. The only evidence as to when he decided not to do so was upon the discovery of liens in addition to those represented to him. *See Emerick v. Mutual Benefit Life Insurance*, 756 S.W.2d 513, 520 (Mo. banc 1988)(finding no present intent when the most shown by evidence was that party

---

2. Following the foreclosure Defendant in this action unsuccessfully sought a deficiency judgment against Stewart and others. *See Kirkland v. Todd*, 856 S.W.2d 936 (Mo.App.1993).

accused of fraud had "changed its mind" after making alleged misrepresentation).

Other circumstances indicate Defendant intended to carry out the agreement when made. If he did not intend to loan the money to the corporation and receive a first priority lien then Stewart's release of the second deed of trust would be meaningless. If Defendant intended to purchase the note, rather than make the loan, he would not need to have the second deed of trust released, as he would have a prior first deed of trust.

Defendant would want the second deed of trust released if he intended to make the loan and wanted to have a first priority lien. Defendant contends that after he learned that he could not have a first priority lien even with the release of Stewart's second deed of trust, he decided to purchase the note held by the Brunsons. We conclude that under these circumstances the inferences do not rise above suspicion of fraud and do not point logically and convincingly to the conclusion that fraud occurred.

Plaintiff's claim of fraud is solely premised on Defendant's failure to perform. Under these circumstances, that is insufficient circumstantial evidence for the jury to find that Defendant did not intend to carry out the promise when made. That leaves the question of Defendant's fraud purely speculative and is contrary to the principle that fraud is not presumed. Under the cases above cited, that is insufficient. Plaintiff had the burden of presenting additional evidence indicating or establishing that Defendant did not intend to carry out his portion of the agreement when it was made. Plaintiff did not make a submissible case against Defendant. Defendant's motion for judgment notwithstanding the verdict should have been granted.

The judgment is reversed and the cause remanded for the trial court to enter judgment in favor of Defendant.

BARNEY, P.J., and GARRISON, J., concur.