**Tadeusz MISIAK, Plaintiff-Appellant,**

v.

**James P. AYLWARD, Jr., Administrator, Defendant-Respondent.**

**No. 30326.**

Missouri Court of Appeals, Western District.

June 11, 1979.

Rehearing Denied July 12, 1979.

Michael J. Svetlic, Kansas City, for plaintiff-appellant.

Al Lebrecht and Albert Thomson, Kansas City, for defendant-respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal by plaintiff from judgment which awarded him $8,250 on his prayer for $50,000 damages. The questions are whether there was an unambiguous contract for support of plaintiff for four years; and whether the judgment for $8,250 was against the weight of the evidence. Affirmed.

Plaintiff filed two actions. The first was a claim for $34,233, against the estate of Mary Saylor, deceased, in the Probate Court of Jackson County. The second was a petition in the Circuit Court of Jackson County, CV77–3578, for equitable adoption by Mary Saylor, Count I, and for the same $34,233 sought in the probate claim, Count II.

The Probate Court denied the claim and plaintiff appealed to the Circuit Court of Jackson County. The appeal, CV77–4148, was consolidated for trial with the petition, CV77–3578. The prayer for damages in Count II of the petition was increased to $50,000. Upon conclusion of the trial the court dismissed the petition for equitable adoption and damages, and awarded plaintiff $8,250 on his claim against the estate of Mary Saylor. Appellant does not question the dismissal of his prayer for equitable adoption; but asserts his judgment should have been "for at least $18,000".

Tadeusz Misiak was born in Poland, and had attended the University of Krakow. At 20 years of age, he had completed 2½ or 3½ years of college. He came to the United States October 21, 1976, on a visitors visa, which was changed to a student visa November 30, 1976.

Mary Saylor, born January 10, 1894, in Poland, and a citizen of the United States, residing at 3521 Harrison, Kansas City, Missouri, executed an "Affidavit of Support" in behalf of her nephew, Tadeusz Misiak, November 26, 1974. The affidavit was executed for the purpose of assuring the United States Government that Tadeusz Misiak "will not become a public charge in the United States." The affidavit recited that Mrs. Saylor intended to furnish "all money as needed (and necessary) for food, shelter, clothing and personal expenses plus all books, tuition and related educational expenses for a period of 4 years (more or less)."

Mrs. Saylor paid Mr. Misiak's expenses of travel to the United States and purchased a $4,000 automobile for his use. Mr. Misiak attended Donnelly College and Park College. Mrs. Saylor paid all his expenses while at Donnelly, and all his expenses while at Park College through the first semester, 1977. Mrs. Saylor died in September, 1977.

Mr. Misiak first lived in Mrs. Saylor's rooming house at 3521 Harrison, then moved to quarters at Park College in June, 1977. He was to earn his keep by helping around the rooming house. His expenses for the second semester, 1977–78, were $3,000. He also spent some $4,000 on dental work. He borrowed these sums from a cousin, Stanislava Bodner.

Mr. Misiak graduated from Park College in May, 1978, with a degree in Economics and Business Administration. He had a desire to attend graduate school. Cost of a 2-year master's program at Rockhurst, including room, board, tuition, fees and personal expenses was estimated at $18,000.

While in Poland, Mr. Misiak wrote Mrs. Saylor, and among other things stated, "I want to stay at your home for a year and go to work in this town". If he returned to Poland, he would have to enter the Russian Army. His return would cost about $1,300.

Anna Lipski, who "had a way to bring people from Poland", beginning in June, 1976, assisted Mrs. Saylor in bringing her nephew to the United States for education and a better life. Mrs. Saylor wished to assist her nephew "to become a real estate man or a lawyer", and wanted to furnish him expenses for education and personal maintenance.

Mrs. Bodner knew of Mrs. Saylor's desire to help Mr. Misiak particularly with respect to acquisition of a degree of "Business Administration in economics". They also conversed with respect to an advanced degree in law school.

Mrs. Saylor's accountant, Dan Laden, prepared the Affidavit for Support form executed by Mrs. Saylor, in furtherance of her intention to help Mr. Misiak to complete the "four years of college" he had begun in Poland. He stated Mrs. Saylor's commitment was limited to four years of college at the most, and expressed such limitation with the language "for a period of 4 years, (more or less)".

Stella Dudek, a niece of Mrs. Saylor, had been asked by Mrs. Saylor about Mr. Misiak residing with them in Illinois. They had no discussion concerning his education.

The court found that Mrs. Saylor " * * * did indicate both to private individuals and to the Immigration Service that she intended to help this young man through the completion of a normal four-year education, not a Master's Degree, not a P.H.D., not something more elaborate. * * There was an agreement which caused him to change his position in coming here and establishing himself as he did to complete a four-year education which would have been partly completed in the old country, but to complete the balance of it here so that he would be entitled to recover on his claim in some more modest sum than that prayed for * * * that the recovery should be assessed in the sum of $8,250. That represents the $6,000 that he had to borrow plus walk-around money to cover those items not otherwise covered in the last portion of the college studies not financed by the de-

ceased, and * * * $1,250 (plane fare) * * * making a total of $8,250. * *".

▎The judgment aforesaid was entered accordingly and the court's findings are to be sustained unless there is no substantial evidence to support them, unless they erroneously declare or apply the law, or unless they are against the weight of the evidence, the last ground to be undertaken only with caution and a firm belief that the judgment is wrong. Rule 73.01, as construed, *Murphy v. Carron*, 536 S.W.2d 30, 32(1–3) (Mo. banc 1976).

Appellant contends the court erred in dismissing Count II of his petition and awarding but $8,250 on the probate claim for reasons: (I) "that the court should have enforced the contract pursuant to its clear and ordinary meaning to support * * * for a period of four (4) years absolutely, instead of * * * assuming the contract to be for support only until * * * completion of an undergraduate program"; and (II) that the judgment "was against the weight of the evidence in that the decedent expressed a clear desire to support * * * beyond undergraduate school while knowing that he had already obtained nearly enough credit hours to obtain the equivalent of an undergraduate degree in Poland".

Appellant argues under (II) that the language quoted from the Affidavit for Support was an unambiguous contract by Mrs. Saylor with the United States to provide support to her nephew as third party beneficiary. He argues under (II) that "the paltry amount of evidence" was not so substantial as to mandate a judgment for respondent, and that in fact, the overwhelming weight of the evidence mandated a judgment "in favor of appellant in the sum of at least $18,000.00".

▎Appellant's difficulty under point I is twofold: First, the language employed in the Affidavit for Support may not be said to constitute an unambiguous contract because such language is reasonably susceptible to different constructions. *Paisley v. Lucas*, 346 Mo. 827, 143 S.W.2d 262 (Mo.

1940); *First Nat. Bank of Malden v. Farmers New World Life Ins. Co.*, 455 S.W.2d 517 (Mo.App.1970).

■ Second, there is no third party beneficiary unless a contract has been formed between a promisor and a promisee. Restatement, Law of Contracts ¶ 140 (1937). The Affidavit for Support shows it was made to assure that Mr. Misiak would not become a financial burden; and it does not appear that Mrs. Saylor agreed to advance any money to her nephew for an education of 4 years more or less. The form states only such an intention.

■ Appellant's difficulty under point II is equally patent. If the court believed the testimony of Mrs. Saylor's accountant, Mr. Laden, on the extent of education expenses owed to her nephew, in conflict with that of his witnesses, the judgment must stand. The court found Mr. Laden's testimony to be credible, and it does not appear otherwise on review. The $8,250 awarded plaintiff was based on the limitation thus accepted; and the evidence of the cost of the last semester of school and personal expenses for teeth, plus the cost of a return ticket to Poland.

Judgment affirmed.

All concur.