**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Brian P. KARTH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 15, 2010.

Filed April 21, 2010.

Charles G. Braces, Clearfield, for appellant.

Earle D. Lees, Jr., Assistant District Attorney and William A. Shaw, Jr., Assistant District Attorney, for Commonwealth, appellee.

BEFORE: DONOHUE, ALLEN, and LAZARUS, JJ.

OPINION BY LAZARUS, J.:

¶ 1 Brian P. Karth appeals from his judgment of sentence imposed after the Honorable Fredric J. Ammerman found him guilty of the summary offense of public drunkenness. Karth had earlier been acquitted by a jury of two charges of criminal mischief stemming from the same incident, during which incident property belonging to Michael Morrison was damaged.

Karth was sentenced to ninety days' probation on the condition that he serve 15 days in the Clearfield County Jail. The statutory maximum sentence for a summary offense is 90 days' imprisonment pursuant to 18 Pa.C.S.A. § 106. As a further condition of his probation, the court ordered Karth to pay restitution in the total amount of $2,385.95, in monthly installments of not less than $40, "until all amounts are paid in full." Sentencing Order, 8/11/09, at 2. Thus, at the rate of $40 per month, it would take Karth 60 months, or 57 months past the expiration of his probation, to make full restitution as ordered by the court.

¶ 2 On appeal, Karth argues that (1) the restitution condition is illegal as its duration exceeds the maximum period of probation/incarceration allowed under the statute; and (2) the sentencing court abused its discretion in ordering Karth to pay restitution for a period of time exceeding the maximum period of probation/incarceration allowed under the statute. Upon review, we vacate and remand for resentencing consistent with the dictates of this opinion.

¶ 3 Although Karth asserts that he is challenging the legality of his sentence, he nonetheless provides a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) for challenges to the discretionary aspects of sentencing.[1] Brief for Appellant at 10–11. However, we need not determine whether Karth has presented a substantial question under Rule 2119 because Karth's appeal challenges the legality of his sentence; such a challenge may be heard as of right and is not waivable. *Commonwealth v. Williams*, 801 A.2d 584

(Pa.Super.2002). Specifically, Karth argues that the sentence structure imposed by the trial court is illegal, as it effectively subjects him to court supervision for 60 months, rather than the 90–day statutory maximum.

¶ 4 The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law. *Commonwealth v. Leverette*, 911 A.2d 998, 1001–1002 (Pa.Super.2006).

¶ 5 Restitution is a statutory creation and may be imposed by a court as a direct sentence, pursuant to 18 Pa.C.S.A. § 1106, or as a condition of probation, pursuant to 42 Pa.C.S.A. § 9754. When incorporated as part of a defendant's direct sentence, restitution is penal in nature and may be imposed without regard to the defendant's ability to pay. *See* 18 Pa.C.S.A. § 1106(c)(1)(i)(court shall consider restitution regardless of the current financial situation of the defendant). However, when imposed as a condition of probation, as it was here, its function is primarily rehabilitative and is intended to assist the defendant in leading a law-abiding life. 42 Pa. C.S.A. § 9754(b). In this context, restitution is to be imposed only "in an amount [the defendant] can afford to pay." 42 Pa.C.S.A. § 9754(c)(8).

¶ 6 The trial court held a sentencing hearing on August 11, 2009, at which time Karth testified that he would be able to

---

1. An appellate court will find a "substantial question" and review the discretionary aspects of sentencing only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

afford monthly restitution payments in the amount of $40. In its sentencing order issued that same day, the court sentenced Karth to pay restitution as follows:

> It is a specific condition of Probation, under 42 Pa.C.S.A. Section 9754, that [Karth] pay restitution in the amount of One Thousand Nine Hundred Eighty–Five Dollars and Ninety–Five ($1,885.95) [sic] Cents to the insurance company involved and Five Hundred ($500.00) Dollars to Michael Morrison....

> Effective with the month of August 2009 and continuing thereafter until all amounts are paid in full, the Collections Department shall receive no less than Forty ($40.00) Dollars per month, with the same to be received by no later than the last business day of each month for which said payment is due. Any failure of the Defendant to make payment as noted above shall result in automatic issuance of Bench Warrant without further notice or hearing being provided.

Sentencing Order, 8/11/09, at 2. The court specifically stated that restitution was to be a condition of probation pursuant to 42 Pa.C.S.A. § 9754, and not a component of Karth's direct sentence.[2] Section 9754 provides for the imposition of restitution as a condition of probation as follows:

> (a) GENERAL RULE.—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, **which term may not exceed the maximum term for which the defendant could be confined,** and the authority that shall conduct that supervision.

> (b) CONDITIONS GENERALLY.— The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

> (c) SPECIFIC CONDITIONS.—The court may as a condition of its order require the defendant:

> . . .

> (8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754 (emphasis added).

¶ 7 In its opinion, the trial court defends its imposition of restitution beyond the expiration of Karth's probation by citing to 42 Pa.C.S.A. 9728, which is entitled "Collection of restitution, reparation, fees, costs, fines and penalties" and sets forth the methods by which restitution and other money-based sentencing alternatives may be collected. It provides, in relevant part, as follows:

> (a) GENERAL RULE.—

> (1) . . . **A sentence,** pretrial disposition order or order entered under section 6352 (relating to disposition of delinquent child) **for restitution** . . . **shall,** together with interest and any additional costs that may accrue, **be a judgment in favor of the probation department upon the person or the property of the**

---

**2.** This matter was previously heard by a panel of this court at No. 1593 WDA 2008. In that earlier appeal, Karth had argued that the trial court improperly imposed restitution as a component of his direct sentence, as he had been acquitted of the criminal mischief which had caused the property damage for which restitution had been ordered. This court found that, as restitution as a direct sentence requires a direct nexus between the criminal conduct and the damage to property, and Karth had been acquitted of criminal mischief, it was improper for the trial court to impose restitution as a direct sentence. However, the panel suggested that the trial court may be able to justify restitution as a condition of probation and remanded the case for resentencing.

person sentenced or subject to the order.

. . . .

(c) PERIOD OF TIME.—Notwithstanding section 6353 (relating to limitation on and change in place of commitment) or 18 Pa.C.S. § 1106(C)(2) (relating to restitution for injuries to person or property), the period of time during which **such judgments** shall have full effect may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crimes of which he was convicted or the maximum term of confinement to which the offender was committed.

42 Pa.C.S.A. § 9728 (emphasis added). Section 9728 specifically addresses "a sentence . . . for restitution." *Id.* It does not address restitution imposed as a condition of probation. Thus, section 9728 only applies to the collection of restitution **imposed as part of a direct sentence,** not as a condition of probation.

¶ 8 Although we can find no case in which we have been confronted with this precise issue, the question of whether restitution payments may extend beyond the expiration of the statutory maximum sentence on a given offense was addressed as a tangential matter in *Commonwealth v. James,* 771 A.2d 33 (Pa.Super.2001). In *James,* the matter on appeal involved the dismissal of a PCRA petition. Our Court's opinion, however, discusses at length James' direct appeal, in which we had addressed the issue of restitution.

¶ 9 James had been sentenced to prison, followed by probation, and ordered to pay restitution in the amount of $1,500 per month, which was later reduced to $50 per week due to appellant's limited earning capacity. When James' probationary period was almost due to expire, the Commonwealth instituted violation proceedings, claiming that appellant had failed to satisfy his restitution obligation. The trial court found appellant to be in violation and sentenced him to an additional seven years' probation and ordered him to pay the balance of his restitution in weekly payments of not less than $50.

¶ 10 On direct appeal James argued that, because he had served his prison sentence, completed 10 years of probation and complied with the weekly payment schedule imposed by the court, there was no basis for finding a probation violation, even though the total amount of restitution had not been paid.

¶ 11 In reviewing James' sentence, the panel determined that the trial court had not specified whether restitution was a condition of probation or a component of James' sentence. From the facts and circumstances of the case, the panel concluded that the restitution was, in and of itself, a component of James' sentence and not a condition of probation. It therefore concluded that, despite the expiration of James' probation, the trial court had the "continuing power to monitor and enforce [the] sentence [of restitution]" until paid, as long as "**the period of time during which the offender must pay does not exceed the maximum imprisonment to which he could have been sentenced.**" *James, supra* at 36 & n. 3 (emphasis added). The maximum to which James could have been sentenced was 52 years' imprisonment; thus, the court had the authority to enforce the restitution order until the expiration of the maximum possible sentence.[3]

---

3. We note that, even under these terms, James could never actually be compelled to pay full restitution as ordered by the court.

At the expiration of his probation, he owed $841,414.07 in restitution. At a rate of $50

¶ 12 We conclude that, if a court cannot enforce a restitution **sentence** past the statutory maximum date, it certainly lacks the authority to require that restitution imposed merely as a condition of probation be paid after the expiration of the statutory maximum date. In the case now before us, Karth was subject to a statutory maximum of 90 days' imprisonment. Thus, at most, he could only be compelled to pay restitution over the course of those 90 days.

¶ 13 The Missouri Court of Appeals addressed a nearly identical factual scenario in *Grossoehme v. Cordell,* 904 S.W.2d 392 (Mo.App.1995). In *Grossoehme,* the defendant was ordered to pay restitution to his victim over a period of 10 years as a condition of his probation, which was to last for 5 years. The defendant had faithfully made his annual payments while subject to probation, but stopped making them once his probation expired. In finding that the restitution condition was unenforceable, the court reasoned as follows:

> Generally, restitution, as well as other conditions of probation, are enforced by revoking a defendant's probation if the defendant fails to meet the conditions of probation. This power to revoke probation necessarily ends when the probationary period expires, unless the court initiated the revocation proceedings prior to expiration of the probationary period.
>
> In this case, [defendant] failed to make his sixth annual payment of restitution. However, this failure occurred after the expiration of the five year period of probation ordered by the trial court. The trial court thus would have had no power to revoke [defendant's] probation as a penalty for violating probation, for [defendant's] probation had ended at the expiration of the five year

period. At that point, [defendant] was no longer obligated to follow the then-expired conditions of probation, and the trial court lost jurisdiction over [defendant]. Any action taken by the court against [defendant] after the five-year probationary period expired would have been absolutely void.

*Grossoehme, supra,* at 394.

¶ 14 We find this reasoning persuasive and apply it to the matter now before us. Karth's restitution was not a component of his direct sentence, but rather a condition of his probation. As such, it is not subject to enforcement as a separate, stand-alone sentence. Rather, it is a "condition" that is required to be met in order to successfully complete his probation. Once the term of probation expires, so, too, must any conditions attached thereto. We therefore find that the trial court exceeded the authority granted by Section 9754 by imposing a condition, i.e. a monthly payment schedule, that extended beyond the term of Karth's probation and, indeed, the maximum sentence authorized by law for the offense for which he was convicted.

¶ 15 Judgment of sentence vacated; case remanded for resentencing in a manner consistent with this opinion.

per week, it would take James over 323 years to pay his restitution in full.