FINAL REPORT[1]

*New Pa.R.Crim.P. 705.1, amendments to Pa.Rs.Crim.P. 454, 462, and 1010, and revisions to the Comments to Pa.Rs.Crim.P. 409, 414, 424, 455, 550, 590, and 704*

SENTENCES OF RESTITUTION

On March 9, 2016, effective July 1, 2016, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rule of Criminal Procedure 705.1 and the amendments to Rules of Criminal Procedure 454, 462, and 1010, and approved the revision to the *Comments* to Rules of Criminal Procedure 409, 414, 424, 455, 550, 590, and 704 to standardize the procedures by which restitution is awarded in criminal cases.

**BACKGROUND**

These rule changes were developed from the Committee's study of the recommendations of the Restitution in Pennsylvania Task Force. The Task Force had been convened by the Pennsylvania Office of the Victim Advocate to study "solutions to increase the quality of restitution services at the state and county levels." The Task Force included representatives from a wide spectrum of agencies involved in the justice system. Two of the Task Force's recommendations are directed to the Rules of Criminal Procedure. One was to encourage "AOPC and/or the Court Rules Committee to standardize a restitution order for use at sentencing/disposition" and included suggested elements for such an order. The other recommendation was for the Committee to examine other jurisdictions "to consider whether any rules should be amended or new rules adopted to improve the collection of restitution."[2]

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

[2] *Restitution in Pennsylvania Task Force Final Report*, http://www.center-school.org/Restitution/index.html, pgs 30 and 42.

The Committee reviewed the report of the Restitution in Pennsylvania Task Force as well as the statutes that provide for the award of restitution and the practice in this area in several other jurisdictions. Subsequently, the Committee developed proposed rule changes that were published for comment in April of 2014. *See* 44 Pa.B. 2369 (April 19, 2014). As a result of publication responses and communications from the Court, the rule changes were revised to their current form.

**DISCUSSION**

The Committee first considered the Task Force's conclusion that too often the question of restitution and the manner in which it is awarded is an afterthought at sentencing. The Committee concurred with this conclusion and considered it anomalous that Rule 706 addresses fines and costs but no rule mentions the procedures for awarding restitution. The Committee therefore concluded that it would be a good idea to have a general rule stating the requirement to order restitution as part of sentencing to provide greater emphasis on the actual award of restitution at time of sentencing and to require a minimum standard of information to be included directly in the sentencing order.

This new rule is numbered 705.1.[3] Paragraph (A) of the rule is a statement reminding the sentencing judge to impose restitution. By use of the phrase "…restitution, if any…," it acknowledges that some cases may not have restitution to impose. Originally, the Committee considered including a provision for the award of fines and costs. However, as the text of the rule and the *Comment* are directed primarily to restitution, it seemed to detract from the purpose of the rule to include provisions for fines and costs.

Paragraph (B) of the rule contains a list of elements that the judge should include in the sentencing order to identify the restitution award details and assist in its collection. Originally, this provision was contained in the *Comment.* The Committee

---

[3] In terms of placement, the new rule follows Rule 705 (Imposition of Sentence) which provides specifics regarding sentences that include incarceration. The Committee concluded that it is logical to follow this rule with one dealing with restitution.

concluded that it would be more effective in the rule itself. However, a concern was expressed that by placing this in the rule itself, unwarranted challenges might be raised based on a technical failure to include all the listed elements. Ultimately, the Committee concluded that it should be contained in the rule text to ensure compliance.

One of the problems the Committee discussed was that the nature of a restitution sentence varies depending on how the sentence was imposed. If awarded as part of the sentence, under 18 Pa.C.S. §1106, the award is punitive in nature. However, it also may be imposed as a condition of probation pursuant to 42 Pa.C.S. §9754. Unlike restitution imposed under §1106 that is penal in nature, restitution imposed as a condition of probation is primarily aimed at rehabilitation. Because a term of probation may not exceed the maximum term for which the defendant could be confined, and a court cannot enforce a restitution sentence past the statutory maximum date, a court may not require that restitution imposed as a condition of probation be paid beyond the statutory maximum date. *Commonwealth v. Karth,* 994 A.2d 606 (Pa. Super. 2010). As a result, the means and extent to which the sentence can be enforced varies. The Committee determined that this issue should be described in the *Comment* and that the rule should require that the sentencing judge make clear in the sentencing order which of the two sentencing concepts are applicable to any restitution award. Therefore, this has been added to the list of items required to be in the sentencing order with a detailed explanation contained in last paragraph of the Rule 705.1 *Comment*.

As originally published, proposed Rule 705.1 also contained a requirement that a hearing or review be held prior to the expiration of probation when there is outstanding restitution owed. This would enable the court to decide whether to hold the defendant in violation for failure to pay before the court loses jurisdiction by the completion of the probation. A number of publication responses were received expressing the view that it would be unduly burdensome to require such a hearing or review in every case. They expressed the view that in cases in which restitution has been awarded, the courts and probation offices generally are maintaining good control over the collection process. This provision therefore was removed from the proposal.

The Committee also contemplated including procedures for adjudicating a restitution sentence. The Committee ultimately determined that any dispute as to

restitution would occur usually at the sentencing hearing and that any subsequent challenge to the award would be part of a normal sentencing appeal. The Committee concluded that a separate provision to provide for this was unnecessary. However, the Committee agreed that there should be some notice to the defendant prior to sentencing. There was a divergence of opinion among the members as to whether the rules should require the prosecution to provide notice and information about any restitution well in advance of the sentencing hearing. The Committee also acknowledged that in most cases there would not be a dispute as to restitution. Ultimately, the Committee agreed that the proposed amendments should not introduce a notice requirement that would be unnecessary and burdensome in most cases. Those cases in which restitution is disputed and notice is provided, the sentencing judge may need to permit a continuance. Therefore, language is included in the third paragraph of the Rule 705.1 *Comment* that the judge should consider the notice provided to the defendant and the defendant's desire to challenge the restitution before it is awarded, including the possible need to continue the sentencing hearing.

The *Comment* to Rule 704 contained a brief discussion of restitution sentences. Since Rule 705.1 now provides the fuller procedures for restitution sentences, the Rule 704 Comment language has been removed.

The Committee also considered whether the similar requirements should be added to the procedures for summary cases. The Committee agreed that it should. Paragraph (F) of Rule 454 (Trial in Summary Cases) has been amended to provide guidance as to what should be included in a restitution sentence similar to that which is provided for court cases in new Rule 705.1. A cross-reference to this provision has been added to the *Comment* to Rule 455 (Trial in Defendant's Absence) to ensure that the judge addresses restitution in these cases.

The Committee considered a suggestion that Rule 462(G)(1) and Rule 1010(D)(1), which address trials *de novo* in summary and Municipal Court case appeals, should contain provisions similar to the proposed amendments to Rule 454(F)(1) that describe the information that must be contained in a restitution sentence. The Committee agreed that the court in a trial *de novo*, in effect, would be imposing a new sentence. Therefore, this language has been added to these two rules.

Sentences of Restitution *Final Report*: 3/9/2016                                                                          -4-

Because Rules 462 and 1010 include provisions regarding costs as part of the sentence, this change prompted a discussion regarding the requirement to state the costs on a case at time of sentencing. The Committee agreed that the usual practice is not to have the costs available at the time of sentencing in court cases. Instead, due to the complexity of calculations, particularly because of certain statutorily required costs, the total costs are calculated after sentence is imposed, usually by the probation office. Ultimately, the Committee concluded that Rules 454, 462, and 1010 should state the sentence should include a statement concerning the obligation to pay costs rather than the costs themselves since these are invariably determined only after sentence has been imposed while the *Comments* to these rules should contain a reminder that the assessment of certain costs may be statutorily required.

Another suggestion was to add a cross-reference to Rule 705.1 to the *Comment* to Rule 550 since the latter rule, which addresses guilty pleas before magisterial district judges in court cases, includes procedures for imposing sentence. This suggestion caused the Committee to consider whether a similar cross-reference should be added to Rule 590 (Pleas and Plea Agreements) since that rule also referenced sentencing. The addition of these cross-references to the court case rules raised the question of whether to add a cross-reference to the new provisions in Rule 454 to the summary case guilty plea procedure rules, Rules 409, 414, and 424. The Committee ultimately concluded that all of these additions would be helpful and so have been included in the amendments.

Finally, several technical corrections have been made. In the *Comments* to Rules 409, 414, 424, and 455, there is a change to the terminology cross-referencing Rules 121 and 122 regarding "the defendant's right to counsel" to read "Concerning the appointment or waiver of counsel, see Rules 121 and 122," consistent with the similar changes made to Rule 431 in Recommendation 4 of 2014, which dealt with the incarceration in summary cases for failure to post collateral. Several corrections to outdated statutory cross-references in the Rule 704 *Comment* also have been made.