J-S18027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| "C" J. STITT, | : | |
| | : | |
| Appellant | : | No. 1325 WDA 2017 |

Appeal from the PCRA Order August 10, 2017
in the Court of Common Pleas of Westmoreland County,
Criminal Division at No(s):  CP-65-CR-0002644-2014

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 28, 2018**

"C" J. Stitt ("Stitt") appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant underlying history as follows:

This matter arose out of an incident that occurred on or about April 8, 2014. … [A]t 6:30 a.m. on the aforementioned date, New Kensington Police Department received information about an individual at a local hospital who had arrived with gunshot wounds.  He was transported to Allegheny General Hospital in Pittsburgh for immediate surgery to treat wounds to the stomach and elbow area.

Officers soon arrived at the crime scene at the rear corner of the Clarion Hotel in New Kensington.  Jusuh Keneh's ("Victim") vehicle was identified in the parking lot, as well as broken glass from the vehicle on the pavement.  A Pittsburgh Pirates ball cap was also located, along with a small black handgun. It also appeared that Victim's rear passenger hubcap had been tampered with, as pry marks were found.  On the same date, Victim was interviewed. He related that he had been sleeping in his car in the rear of the hotel parking lot.  His friend and friend's girlfriend were sleeping

in a car nearby. At approximately 5 a.m., he observed another vehicle pull up in front of their vehicles. He then observed [Stitt] exit the vehicle and walk to the rear passenger side of his vehicle. Victim then exited his vehicle and asked [Stitt] what he was doing. A verbal confrontation ensued, and [Stitt] revealed that he was carrying a small handgun. [Stitt] pointed the gun at Victim, and told Victim to give him money as he reached for Victim's pockets. [Stitt] then fired his gun several times, hitting [V]ictim in the stomach. Victim attempted to subdue [Stitt] by choking him. [Stitt] shot Victim again in the elbow. At that point, Victim's friend in the nearby vehicle attempted to aid Victim, and [Stitt] ran into the woods.

Officers interviewed [Stitt] on April 30, 2014. [Stitt] indicated that he was at the scene of the crime and that the Pittsburgh Pirates hat found belonged to him. [Stitt] stated that he shot Victim in self-defense.

[Stitt] was charged by criminal information with one count of Attempted Homicide, 18 Pa.C.S.A. § 901(a), one count of Robbery, 18 Pa.C.S.A. § 3701(a)(1)(i), and one count of Aggravated Assault, 18 Pa.C.S.A. § 2702(a)(1). [Stitt] entered an open guilty plea before the Honorable Judge Debra A. Pezze on July 14, 2015, and sentencing was deferred to the next available motions court. After a number of continuances, [Stitt] was sentenced on March 22, 2016 by Judge Pezze to 3 to 10 years['] incarceration with credit for time served. [Stitt] was ordered to pay costs of prosecution and to participate in drug and alcohol treatment. [Stitt] was also ordered to pay restitution in the amount of $18,159.97, which was documented.

[Stitt] did not file a direct appeal. [Stitt] filed the instant PCRA Petition on April 10, 2017. Th[e PCRA c]ourt appointed Attorney Emily Smarto on April 20, 2017, for the purpose of PCRA proceedings. Attorney Smarto filed an Amended PCRA [Petition] on June 12, 2017.

In his [A]mended [P]etition, [Stitt] avers that his [plea counsel,] Chris Haidze[,] was ineffective for failing to request a restitution hearing, failing to present evidence regarding [Stitt's] ability to pay restitution, and failing to file an appeal regarding costs and restitution.

PCRA Court Opinion, 7/10/17, at 1-3.

The PCRA court issued a Pa.R.Crim.P. 907 Notice. Thereafter, the PCRA court dismissed Stitt's Petition. Stitt filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Stitt raises the following questions for our review:

I.   Whether [Stitt] was denied effective assistance of counsel when counsel failed to request a restitution hearing?

II.  Whether counsel was ineffective for failing to present evidence regarding [Stitt's] ability to pay?

III. Whether counsel was ineffective for failing to file a direct appeal relative to cost and restitution?

Brief for Appellant at 4 (capitalization omitted).

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* (citation omitted). Further, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." *Commonwealth v. Brown*, 161 A.3d 960, 964 (Pa. Super. 2017) (citation omitted).

We will address Stitt's claims together. Stitt contends that his plea counsel was ineffective for failing to request a restitution hearing. Brief for

Appellant at 7. Stitt also argues that his plea counsel was ineffective for failing to present evidence regarding his ability to pay restitution. *Id.* at 7-8. Stitt further claims that the PCRA court should have held an evidentiary hearing on his ineffectiveness claims. *Id.* at 7, 8-9. Stitt notes that if an evidentiary hearing had been held, the evidence "may" have shown that he "advised counsel that he agreed with [the] restitution amount and cost amount and had no evidence to present to the court with regard to his ability to pay." *Id.* at 8.[1]

To succeed on such an ineffectiveness claim, Stitt must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A petitioner's failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014). Counsel is

---

[1] We note that Stitt baldly states, without any argument or citation to authority, that counsel was ineffective for failing to file a direct appeal. Brief for Appellant at 8. Because Stitt fails to provide an argument in support of his claim, we deem it waived on appeal. *See Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) (stating that "[f]ailure to present or develop an argument in support of a claim causes it to be waived."); *see also* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

presumed to be effective, and the burden is on the appellant to prove otherwise. *Commonwealth v. Watkins*, 108 A.3d 692, 702 (Pa. 2014).

In Pennsylvania, restitution can be imposed either as a condition of probation or as a direct sentence. *Commonwealth v. Karth*, 994 A.2d 606, 607 (Pa. Super. 2010). Here, the restitution was imposed as a direct sentence under section 1106 of the Pennsylvania Crimes Code, which states the following, in relevant part:

> **(a) GENERAL RULE.—**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> ***
>
> **(c) MANDATORY RESTITUTION.—**
>
> (1) The court shall order full restitution:
>
> (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. …
>
> ***
>
> (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
>
> (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution ... and such other matters as it deems appropriate.

> (ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

18 Pa.C.S.A. § 1106.

The PCRA court addressed Stitt's ineffectiveness claims as follows:

> At the sentencing hearing, [Victim] testified regarding his injuries. He stated that his gunshot injuries required extensive hospitalization (3-4 weeks), and that he still suffered side effects from those injuries. [N.T., 3/22/16, at 3.] Specifically, [Victim] could eat only small amounts of food as his intestines were still healing from the gunshot wound to his stomach. [*Id.*] Because extensive recovery time was required, he lost his job. [*Id.* at 4.] [Victim] had also been diagnosed with PTSD, for which he required counseling, and needed physical therapy [] for approximately one month. [*Id.* at 5.] Victim also still had to receive routine x-rays, as one bullet remained in his arm. [*Id.* at 7.] [Stitt] does not list any reason why defense counsel should have objected to the amount of restitution recommended by the District Attorney. [Stitt] does not list with specificity why the restitution order was unfair or inaccurate, and offers only a boilerplate allegation that a hearing should have been held to dispute the restitution. Due to [Stitt's] lack of any cogent argument against the trial court's order, and the fact that [Victim] testified to the injuries that resulted from the crimes for which [Stitt] pled guilty, these claims do not have arguable merit.
>
> Even assuming, *arguendo*, that there was arguable merit to [Stitt's] claims, counsel had a reasonable basis for not requesting a restitution hearing …. Restitution costs were documented from specialists, hospitals, and counseling providers. As discussed, *supra*, [V]ictim testified at the sentencing hearing regarding the costs of the crime. His testimony established that there was a causal connection between [V]ictim's injuries and [Stitt's] actions. ***See, e.g.,*** [***Commonwealth***] ***v. Walker***, 666 A.2d 301, 310 (Pa. Super. 1995) (holding restitution for medical bills was proper because a defendant's drunk driving caused a two-car accident). The costs were not speculative or excessive. Moreover, [Stitt's plea counsel] pursued a reasonable path by not pursuing a restitution hearing when there was not sufficient evidence to establish that the recommendation was unreasonable ….

> The [PCRA c]ourt finds that [plea counsel] acted in a reasonable and effective manner, and that there was no reasonable basis for him to pursue a restitution hearing … based on the facts presented. For these reasons, [Stitt's] claims also fail the second prong under the three-pronged test for ineffectiveness.
>
> For many of the reasons discussed, *supra*, [Stitt's] claims similarly fail the third prong: that there is a reasonable probability that, but for the act or omission challenged, the outcome of the proceeding would have been different. Based on the fact that [Victim] suffered extensive physical and emotional harm as a direct result of [Stitt's] actions, and that the costs were documented, it is unlikely that the trial court would have altered its original [O]rder had it been appealed.
>
> [Stitt's] claims fail each prong of the ineffectiveness test. As such, he is not entitled to post-conviction relief for these claims.

PCRA Court Opinion, 7/10/17, at 6-9 (footnote omitted).

Upon our review of Stitt's argument and the record, we agree with the PCRA court's reasoning. ***See id.*** Indeed, in his appellate brief, Stitt presents bald assertions of ineffectiveness without citing to any objectionable evidence regarding the documented restitution. ***See Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Additionally, Stitt's ability to pay is irrelevant to the imposition of restitution as a direct sentence. ***See*** 18 Pa.C.S.A. § 1106(c)(1)(i) (stating that the court orders restitution "[r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss."); ***Commonwealth v. Rush***, 909 A.2d 805, 811 (Pa. Super. 2006) (noting that under section 1106, the "court need not

consider the defendant's ability to pay at the time of imposing restitution[.]"). Further, Stitt may not use an evidentiary hearing "as a fishing expedition for any possible evidence that may support [his] speculative claim[.]" *Commonwealth v. Castro*, 93 A.3d 818, 828 (Pa. 2014) (citation omitted); *see also Commonwealth v. Clark*, 961 A.2d 80, 85 (Pa. 2008) (noting that where a PCRA petition fails to raise a genuine issue of material fact, an evidentiary hearing on the petition is not required). Thus, Stitt is not entitled to relief on his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2018